952 P.2d 1245

**STATE of Idaho, Plaintiff–Respondent,**

v.

**John David CROWE, Defendant–Appellant.**

**No. 23325.**

Supreme Court of Idaho,
Boise, December 1997 Term.

Feb. 27, 1998.

Alan E. Trimming, Ada County Public Defender, David J. Smethers, Deputy Public Defender, Boise, for appellant. David J. Smethers argued.

Alan G. Lance, Attorney General, Kenneth M. Robins, Deputy Attorney General, Boise, for respondent. Kenneth M. Robins argued.

SILAK, Justice.

This is an appeal from an order revoking probation. At the probation revocation hearing, incriminating statements made by the probationer to his counselor and probation officer were admitted. The appellant claims that admission of the statements at the hearing violated his Fifth Amendment right against self-incrimination. We affirm the decision of the district court.

## I.

### FACTS AND PROCEDURAL BACKGROUND

Appellant John David Crowe (Crowe) was indicted on charges of lewd and lascivious conduct on September 25, 1990. He subsequently pled guilty to an amended charge of sexual abuse of a minor on October 2, 1990. Crowe was placed on probation.

The relevant terms of the probation included Crowe's completing a specialized sex offender therapy program through the Sexual Abuse Now Ended (SANE) program, Crowe's abiding by all laws of the State and Crowe's not "associat[ing] with any juveniles unless accompanied by [a] responsible adult as approved by the probation officer and

therapist." The terms of the probation also included Crowe submitting to polygraph examinations upon request of a probation officer. As a condition of the treatment at SANE, therefore a condition of the probation, Crowe was required to report any contact with minor children and to submit to polygraph examinations upon request.

At the SANE facility, Crowe signed a treatment contract which allowed counselors during treatment to disseminate information to Crowe's probation officer. During a SANE treatment session around May 15, 1996, Crowe underwent a polygraph examination as part of his SANE treatment. Crowe failed the examination. When confronted about this, Crowe related to D.F., his SANE counselor, that he had failed the examination because he had been alone with his ten-year old niece, and had improperly touched her by placing his hand on her buttocks. At the counselor's request, Crowe made verbal and written admissions to his probation officer about the incidents. Crowe was arrested for violating his probation.

On May 28, 1996, a motion and order for a Bench Warrant for Probation Violation was filed. After a violation hearing, at which the statement to D.F., the statement to the probation officer and Crowe's written statement were admitted, the district court found that Crowe violated his probation by having unsupervised contact with a minor and committing the crime of sexual abuse of a minor. The district court ordered Crowe's probation revoked and ordered the execution of the previously suspended sentence, a unified sentence of ten years imprisonment, with three years fixed.

## II.

### ISSUE ON APPEAL

Whether Crowe's Fifth Amendment right against self-incrimination was violated at his probation revocation hearing by the admission of statements Crowe made to a counselor during a sex offender counseling session required by his probation agreement.

## III.

### ANALYSIS

#### A. Standard Of Review.

■ This Court exercises free review in determining whether "constitutional requirements have been satisfied in light of the facts" found by the trial court. *State v. Weber*, 116 Idaho 449, 452, 776 P.2d 458, 461 (1989) (quoting *State v. Heinen*, 114 Idaho 656, 658, 759 P.2d 947, 949 (Ct.App.1988)). Deference will be given to the findings of the trial court unless they are clearly erroneous. *Id.*

#### B. Additional Issues Raised For The First Time On Appeal At Oral Argument Are Not Properly Before This Court.

■ Preliminarily, we note that counsel for Crowe tried to raise at oral argument the issues of whether an extra-judicial confession was sufficient to convict Crowe absent more corroborating evidence and whether Crowe's right to confront witnesses at the probation violation hearing had been violated. These issues were not presented by Crowe's counsel in the statement of issues or argued in the briefs. Idaho Appellate Rule 35(a)(4) requires that a list of issues be presented on appeal. This Court has acknowledged that this rule will be relaxed when the issues are supported by argument in the briefs. *State v. Prestwich*, 116 Idaho 959, 961, 783 P.2d 298, 300 (1989), *overruled on other grounds*, *State v. Guzman*, 122 Idaho 981, 842 P.2d 660 (1992). Counsel for Crowe did not argue these additional issues in his brief. Therefore, these additional issues are not properly before this Court and will not be addressed on appeal.

■ Additionally, Crowe's counsel argued at oral argument that the Idaho Constitution provides greater protection than the Fifth Amendment of the United States Constitution. The appellant's brief did not argue for a different interpretation of the Idaho Constitution nor was there any authority cited for a different interpretation. Therefore, this issue also was not properly raised on appeal. The only issue properly before this

Court is the application of the Fifth Amendment to the United States Constitution to the present facts.

### C. The District Court Was Correct In Holding That The Admission Of Statements Made By Crowe To His Court Ordered Counselor Did Not Violate The Appellant's Fifth Amendment Right Against Self-incrimination.

■ It is well-established that the Fifth Amendment must be invoked by the person claiming the privilege or the privilege is deemed lost. *Minnesota v. Murphy*, 465 U.S. 420, 427–28, 104 S.Ct. 1136, 1142, 79 L.Ed.2d 409 (1984); *Garner v. U.S.*, 424 U.S. 648, 654, 96 S.Ct. 1178, 1182, 47 L.Ed.2d 370 (1976). It is undisputed that Crowe did not assert his Fifth Amendment right.

■ Crowe relies on *Minnesota v. Murphy* in arguing that his statements to his counselor should be suppressed because the questions posed to him forced him to answer or to be punished as a probation violation for asserting his privilege against self-incrimination; thus, he argues he was forced into the "classic penalty" situation. The Court in *Murphy* held that the Fifth Amendment applies, even if not invoked, if the State compels an individual to forego the Fifth Amendment privilege by a threat to impose a penalty if the privilege is invoked. *Murphy*, 465 U.S. at 434, 104 S.Ct. at 1146. The Court in *Murphy* limited this exception to situations in which the statement obtained was to be used in a subsequent criminal proceeding. The Court in *Murphy* stated:

> [A] State may validly insist on answers to even incriminating questions and hence sensibly administer its probation system, as long as it recognizes that the required answers may not be used in a criminal proceeding and thus eliminates the threat of incrimination. Under such circumstances, a probationer's "right to immunity as a result of his compelled testimony would not be at stake," and nothing in the Federal Constitution would prevent a State from revoking probation for a refusal to answer that violated an express condition of probation.

*Id.* at 436 n. 7, 104 S.Ct. at 1146 n. 7 (quoting *Sanitation Men v. Commissioner of Sanitation*, 392 U.S. 280, 284, 88 S.Ct. 1917, 1920, 20 L.Ed.2d 1089 (1968)). In this case, the statements were used against Crowe in a probation revocation hearing, not a subsequent criminal trial. A probation revocation proceeding is not a separate criminal proceeding. *Id.* at 435 n. 7, 104 S.Ct. at 1146 n. 7. *See also, United States v. Phelps*, 955 F.2d 1258, 1263 (9th Cir.1992) ("a person may not claim the self-incrimination privilege merely because his answer to a question might result in revocation of his probationary status. His answer, however, cannot be used against him in a criminal prosecution."); *United States v. Gonzalez–Mares*, 752 F.2d 1485, 1489 (9th Cir.1985) ("in general, a probationer is not entitled to invoke the privilege against self-incrimination in response to questions about his probation status.").

This case does not present a "classic penalty" situation. The statements were not used in a subsequent criminal proceeding. We hold that the admission of the statements to the counselor at the probation revocation proceeding did not violate Crowe's Fifth Amendment right against self-incrimination.

### IV.

### CONCLUSION

The order of the district court revoking Crowe's probation and placing his previously suspended sentence into execution is affirmed.

TROUT, C.J., and JOHNSON, SCHROEDER and WALTERS, JJ., concur.