**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44770**

| | |
|---|---|
| **STATE OF IDAHO,** | ) **2018 Opinion No. 14** |
| | ) |
| **Plaintiff-Respondent,** | ) **Filed: March 20, 2018** |
| | ) |
| **v.** | ) **Karel A. Lehrman, Clerk** |
| | ) |
| **RICHARD TURNER KERR,** | ) |
| | ) |
| **Defendant-Appellant.** | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of conviction and unified sentence of fourteen years, with a minimum period of confinement of five years, for grand theft by possession of stolen property, <u>affirmed</u>.

Daniel G. Cooper, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Richard Turner Kerr appeals from his judgment of conviction and sentence for grand theft by possession of stolen property. Kerr asserts that the district court violated his Fifth Amendment right during the sentencing hearing, rising to the level of fundamental error. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Pursuant to a plea agreement, Kerr pled guilty to grand theft by possession of stolen property, I.C. § 18-2403(4), in exchange for the dismissal of an allegation that he is a persistent violator. The parties stipulated to recommend a period of retained jurisdiction. There was no stipulation as to an underlying sentence. During the presentence investigation, Kerr admitted

1

knowing the name of the individual Kerr bought the stolen property from but said he preferred not to disclose the name. At sentencing, the district court informed Kerr it would only consider retaining jurisdiction if Kerr provided the name of the individual who sold him the stolen property. The following exchange occurred between the district court and Kerr.

> [COURT]: So I'm going to give you one chance and one chance only to be honest, and you'll either tell me who you bought this from or you won't. If you tell me who you bought it from, I will consider a retained jurisdiction. I'm not overly thrilled about a retained jurisdiction given your criminal history, but I won't consider a retained jurisdiction unless you're honest about who you got it from.
> [KERR]: Honestly I don't know, Your Honor.
> [COURT]: Then you lied in your pre-sentence report where it says on Page 4, "Mr. Kerr admitted he knows the individual's name but prefers not to say."
> [KERR]: I --
> [COURT]: So I am imposing that prison sentence and remanding you to the custody of the Idaho State Board of Correction today, and give you credit for 182 days time served on that sentence.

Kerr did not object to the district court's question during sentencing. The district court sentenced Kerr to a unified term of fourteen years, with a minimum period of confinement of five years. Kerr appeals.

## II.

### STANDARD OF REVIEW

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978. The three-part test for unobjected-to fundamental error from *Perry* applies

2

to claims of error at sentencing proceedings. *State v. Carter*, 155 Idaho 170, 173, 307 P.3d 187, 190 (2013).

## III.

## ANALYSIS

Kerr argues, for the first time on appeal, that the district court violated his Fifth Amendment right against self-incrimination by refusing to consider retaining jurisdiction unless Kerr named the individual who sold him the stolen property. Under prong one of the *Perry* analysis, we must determine whether Kerr's Fifth Amendment right was implicated when the district court asked Kerr to reveal the name of the individual who sold Kerr the stolen property as a predicate to considering retained jurisdiction. We conclude Kerr has failed to show a Fifth Amendment violation.

The Fifth Amendment to the United States Constitution guarantees that no person "shall be compelled in any criminal case to be a witness against himself." This privilege applies to the states through the Fourteenth Amendment and it applies beyond the context of the criminal trial to proceedings where the answers might incriminate the individual in future criminal proceedings. *Lefkowitz v. Turley*, 414 U.S. 70, 77-78 (1973). Ordinarily, to be afforded the protections of the Fifth Amendment, a defendant must affirmatively invoke the privilege. *United States v. Monia*, 317 U.S. 424, 427 (1943); *State v. Crowe*, 131 Idaho 109, 112, 952 P.2d 1245, 1248 (1998). This duty to claim the privilege remains with the individual even when the government is unquestionably attempting to compel a response. *See Garner v. United States*, 424 U.S. 648, 653-55 (1976). "[I]f a witness under compulsion to testify makes disclosures instead of claiming the privilege, the government has not 'compelled' him to incriminate himself." *Id.* Thus, if the individual being questioned does not assert the privilege and instead voluntarily responds without protest, the responses are ordinarily not considered to have been compelled within the meaning of the Fifth Amendment. *Minnesota v. Murphy*, 465 U.S. 420, 427-28 (1984). Further, a defendant may not selectively assert his Fifth Amendment privilege against self-incrimination in order to control what information is before the court. *State v. Hanson*, 152 Idaho 314, 322, 271 P.3d 712, 720 (2012). The general rule regarding waiver of the privilege is that "a witness, in a single proceeding, may not testify voluntarily about a subject and then invoke the privilege against self-incrimination when questioned about the details."

3

*Mitchell v. United States*, 526 U.S. 314, 321 (1999). Thus, when a defendant puts a matter before the sentencing court, thereby waiving the privilege, the defendant may not then invoke the privilege as to other matters related to the same subject. *Hanson*, 152 Idaho at 322, 271 P.3d at 720.

Kerr argues that the district court questioned him in violation of the Fifth Amendment by asking him about the identity of the seller of stolen property Kerr pled guilty to possessing. This was not a Fifth Amendment violation. First, asking a question does not violate the Fifth Amendment. A Fifth Amendment violation results from compelling an answer, not from asking a question. Second, Kerr did not invoke the privilege when talking to the presentence investigator and, as a result, he waived any privilege he may have had with respect to the factual information he disclosed. Kerr has not cited to anything in the record that suggests the presentence investigator compelled Kerr to make the statements he made regarding the source of the stolen property, nor has he argued that his statements to the presentence investigator were compelled. Rather, the record shows that Kerr told the presentence investigator that he knew the name of the individual who sold him the stolen property but preferred not to disclose it. The district court could properly inquire into that same subject at sentencing. *See Hanson*, 152 Idaho at 322, 271 P.3d at 720. Even if Kerr believed he maintained the privilege at the sentencing hearing despite his statements to the presentence investigator, by telling the district court that he did not know the name of the seller, Kerr did not invoke the privilege--he answered the question, albeit in a way that was inconsistent with what he told the presentence investigator. Because Kerr did not invoke his Fifth Amendment right and instead waived any privilege he may have had in relation to the name of the seller, he cannot establish a Fifth Amendment violation.

Even if Kerr could meet his burden of showing a constitutional violation under prong one of the *Perry* analysis, he has failed to meet his burden under prong two. The second prong requires Kerr to show the error was clear or obvious, without the need for any additional information not contained in the appellate record, including information as to whether the failure to object was a tactical decision. *See Perry*, 150 Idaho at 226, 245 P.3d at 978. Kerr argues that prong two is satisfied because the alleged error is "clear and obvious from the record" and "no additional information from other sources is necessary to illuminate the district court's error," but Kerr does not fully address the analysis under prong two. Kerr's conclusory statement that

4

no additional information from other sources is necessary does not explain why additional information is not required with respect to whether the failure to object was a tactical decision. This aspect of prong two is important in a fundamental error analysis because the analysis provides for an exception to the contemporaneous objection requirement. *See Perry*, 150 Idaho at 224, 245 P.3d at 976. The contemporaneous objection requirement for appellate review is intended to prevent the litigant from sandbagging the court. *See id.* This case presents the circumstance in which trial counsel, who did not object, is also appellate counsel who is claiming that the error was clear and obvious. If the error was clear and obvious to counsel, it is unclear why an objection was not made. Because information as to why an objection was not made is not included in the appellate record, and no argument has been presented explaining why the failure to object was not sandbagging or a tactical decision, Kerr has not met his burden under prong two.

## IV.

## CONCLUSION

Because Kerr failed to show a clear violation of an unwaived constitutional right in relation to sentencing, Kerr's fundamental error argument fails. Kerr's judgment of conviction and sentence for grand theft by possession of stolen property is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.