# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 44330, 44496, 44753, & 44754

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | Filed: February 14, 2019 |
| Plaintiff-Respondent, ) | |
| ) | Karel A. Lehrman, Clerk |
| v. ) | |
| ) | |
| JOHN LEE, aka KANE W. ) | |
| GRZEBIELSKI, ) | |
| ) | |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Latah County. Hon. John R. Stegner, District Judge.

Appeals from judgment of conviction and concurrent fixed life sentences for three counts of first degree murder and determinate sentence of fifteen years for one count of aggravated battery, <u>dismissed</u>; order denying motion to withdraw guilty pleas, <u>affirmed</u>; civil judgments for fines, <u>dismissed</u>; order denying I.C.R. 35 motion for reduction of sentences, <u>dismissed</u>; order denying motion to release evidence, <u>dismissed</u>.

Eric D. Fredericksen, State Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

In these consolidated appeals, John Lee, aka Kane W. Grzebielski, appeals from his judgment of conviction for three counts of first degree murder and one count of aggravated battery (Docket No. 44330); the district court's order denying Lee's motion to withdraw his guilty pleas (Docket No. 44330); four civil judgments for fines imposed pursuant to I.C. § 19-5307 (Docket No. 44496); an order denying Lee's I.C.R. 35 motion for reduction of his sentences (Docket No. 44753); and an order denying Lee's motion to release evidence (Docket

1

No. 44754)[1].  Lee asserts that:  (1) the district court erred in denying his motion to withdraw his guilty pleas; (2) his concurrent fixed life sentences for three counts of first degree murder are excessive and that the district court abused its discretion in denying his Rule 35 motion for reduction of his sentences; and (3) the district court erred in entering judgments of $5000 for fines imposed pursuant to I.C. § 19-5307.  We affirm the order denying Lee's motion to withdraw his guilty pleas and dismiss Lee's remaining appeals.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

John Lee shot and killed his mother, his landlord, and the manager of a fast food restaurant.  Lee also shot and wounded another individual who was in the landlord's office when Lee killed his landlord.  Following the murders and aggravated battery, Lee fled to a nearby state where he was apprehended after he crashed his vehicle during a police pursuit.  Following Lee's arrest, law enforcement found over $11,000 in cash in Lee's vehicle.

The State charged Lee with three counts of first degree murder and one count of aggravated battery.  Pursuant to a written I.C.R. 11 plea agreement, Lee entered *Alford*[2] pleas to all charged counts.  The plea agreement included the following provision regarding sentencing:

> That the State and [Lee] agree that the appropriate disposition of this matter is as follows:  [Lee] will be sentenced to the Idaho Department of Correction on each count and that those sentences will run concurrently.  Each party reserves the right to argue for what actual fixed and indeterminate periods of confinement they deem to be appropriate and the decision on such is left to the sound discretion of the Court.

---

[1]     Although Lee filed an appeal from the order denying his motion to release evidence, he does not identify any issues on appeal related to that order as required by I.A.R. 35(a)(4), nor does the body of his brief identify any error in relation to that order.  The failure of an appellant to include an issue in the statement of issues required by I.A.R. 35(a)(4) will eliminate consideration of the issue from appeal. *State v. Crowe*, 131 Idaho 109, 111, 952 P.2d 1245, 1247 (1998).  This rule may be relaxed, however, where the issue is argued in the briefing and citation to authority is provided. *Id*.  A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).  Lee's appeal from the order denying his motion to release evidence is therefore dismissed.

[2]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

2

The plea agreement also included a waiver provision, which reads that Lee "understands that he has a right to appeal the judgment and sentence of the Court herein, and the right to seek a modification or reduction of sentence under Idaho Criminal Rule 35, and hereby freely and voluntarily waives such appeal and I.C.R. 35 rights." In light of the plea agreement, the State filed a notice pursuant to I.C. § 18-4004A indicating it did not intend to seek the death penalty.

The district court accepted Lee's *Alford* pleas, imposed a fixed life sentence for each of the murder charges and fifteen years fixed for the aggravated battery charge, and ordered the sentences to run concurrently. The district court also imposed a civil penalty in the amount of $5000 to the victims or victim representatives for each of the four charges and entered a separate judgment for each victim. Lee filed a notice of appeal from his judgment of conviction (Docket No. 44330) and a separate, single notice of appeal referencing the four civil judgments (Docket No. 44496). The State moved to dismiss the appeal in Docket No. 44330, asserting Lee waived his right to appeal the judgment as part of the plea agreement. Lee objected to the State's motion, asserting that his appeal waiver could only be enforced if the record showed the waiver was made knowingly, voluntarily, and intelligently. Lee contended that, under that standard, the State's motion to dismiss the appeal was premature because it was filed prior to preparation of the clerk's record and transcripts. The Idaho Supreme Court denied the State's motion to dismiss the appeal in Docket No. 44330.

Lee subsequently filed an I.C.R. 35 motion for a reduction of his sentences and a motion to release evidence. The district court denied both motions. Lee then filed a motion to withdraw his guilty pleas, which the district court also denied. Lee appeals the denial of all three motions.

## II.

## STANDARD OF REVIEW

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices

3

before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

# III.

# ANALYSIS

## A.     Motion to Withdraw Guilty Pleas

Lee contends that the district court abused its discretion in denying his motion to withdraw his guilty pleas. The State responds that the evidence supporting the district court's conclusion that Lee's guilty pleas were voluntary is substantial and that Lee's claim fails under the facts and the law. We hold that Lee has failed to show the district court abused its discretion in denying his motion to withdraw his guilty pleas.

Idaho Criminal Rule 33(c) provides that a plea may be withdrawn after sentencing only to correct manifest injustice. A motion to withdraw a guilty plea brought after sentencing will be granted only to correct manifest injustice. *State v. Flowers*, 150 Idaho 568, 571, 249 P.3d 367, 370 (2011); *State v. Heredia*, 144 Idaho 95, 97, 156 P.3d 1193, 1195 (2007). If a plea was not taken in compliance with constitutional due process standards, which require that a guilty plea be made voluntarily, knowingly and intelligently, then manifest injustice will be established as a matter of law. *State v. Thomas*, 154 Idaho 305, 307, 297 P.3d 268, 270 (Ct. App. 2013). Whether a plea is voluntary and understood entails inquiry into three areas: (1) whether the plea was voluntary in the sense that the defendant understood the nature of the charges and was not coerced; (2) whether the defendant knowingly and intelligently waived the right to a jury trial, to confront accusers, and to refrain from self-incrimination; and (3) whether the defendant understood the consequences of pleading guilty. *State v. Colyer*, 98 Idaho 32, 34, 557 P.2d 626, 628 (1976).

Lee filed his pro se motion to withdraw his guilty pleas five months after judgment was entered. Thus, the manifest injustice standard applies. In his motion, Lee argued that he was "not in the right state of mind" when he accepted the plea agreement or at the time of sentencing. Lee elaborated that "noises" impacted his decision-making to the extent he did not feel he had "free will." In a supporting affidavit, Lee also asserted that he told a member of his defense team that he wanted to withdraw his guilty pleas, that guards and other people were "pressuring" and "torturing" him to confess or accept a plea deal, and that he believed his attorneys should have

4

withdrawn his pleas and had him medicated so he could make "rational decisions." The State filed an objection to Lee's motion to which Lee filed a response.

The district court appointed new counsel to represent Lee on his motion to withdraw his guilty pleas and held an evidentiary hearing on the motion. At the hearing, numerous witnesses testified, including four psychologists, the two defense attorneys who represented Lee through sentencing, one law enforcement officer, two jailers from the county jail where Lee was incarcerated prior to sentencing, and the presentence investigator. One of the psychologists who testified was retained by Lee to conduct a retrospective competency evaluation to determine whether Lee's guilty pleas were voluntary. That psychologist testified that Lee's guilty pleas were not voluntary due to Lee's psychiatric condition. According to Lee's psychological expert, Lee's guilty pleas were involuntary due to his belief that he was being "persecuted and tormented by his jailers" to plead guilty or commit suicide and due to Lee's hypersensitivity to sounds and his auditory hallucinations. The remaining witnesses who testified at the evidentiary hearing were called by the State in support of its position that Lee was competent to plead guilty and that his guilty pleas were entered voluntarily.

The district court issued a written decision denying Lee's motion, concluding Lee failed to show manifest injustice entitling him to withdraw his guilty pleas.[3] The district court identified the following reasons in support of its conclusion: (1) the evidence of Lee's guilt was "overwhelming"; (2) the plea agreement was "extremely favorable" to Lee and he received the benefit of his bargain under the agreement; and (3) the expert opinion testimony Lee offered at the evidentiary hearing was unpersuasive and contradicted by the other experts, Lee's defense team, and the court's own observations of and interactions with Lee.

On appeal, Lee argues that the district court abused its discretion in denying his motion to withdraw his guilty pleas because the district court failed to exercise reason in determining Lee's guilty pleas were voluntary. Lee acknowledges that the "record is clear" that the district court inquired into whether Lee's guilty pleas were free and voluntary and that the district court was accurate in finding that Lee is intelligent, astute, and had an above average understanding of the proceedings. Lee, however, contends that his intelligence and his level of understanding are of

---

[3] The district court also concluded it would be an *injustice* to allow Lee to withdraw his guilty pleas.

5

"very little, if any, importance" to whether his pleas were voluntary. According to Lee, his guilty pleas were not voluntary because they were entered while he was an untreated schizophrenic with Asperger's Syndrome who "pled guilty to get out of the Latah County jail where he believed he was removed of his free will." Lee argues that this Court "must look at this case standing in the shoes of an irrational man who truly, but falsely, believed that his jailers were actively tormenting him, goading him to commit suicide." Lee cites no authority to support the proposition that the applicable legal standard requires a trial court to consider Lee's claim from his "shoes" or that his own false beliefs constitute coercion. A plea of guilty is deemed coerced only where it is improperly induced by ignorance, fear, or fraud. *State v. Hanslovan*, 147 Idaho 530, 537, 211 P.3d 775, 782 (Ct. App. 2008). We are not persuaded that the false beliefs Lee identified subsequent to his guilty pleas constitute the type of coercion that rendered his guilty pleas involuntary, notwithstanding the district court's compliance with I.C.R. 11 and the evidence supporting the district court's express findings regarding voluntariness. Moreover, Lee's argument ignores the district court's conclusion that the expert testimony Lee proffered at the evidentiary hearing was not persuasive. It is well settled that credibility determinations are within the province of the district court. This Court will not substitute its view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Flowers*, 131 Idaho 205, 207, 953 P.2d 645, 647 (Ct. App. 1998).

As Lee concedes, his guilty pleas were taken in compliance with the due process standards set forth in I.C.R. 11(c)(2). The district court engaged in a lengthy colloquy with Lee prior to accepting his guilty pleas. As part of that colloquy, the district court asked Lee if anyone had intimidated or threatened Lee or anyone close to him in order to get him to plead guilty. Lee responded, "No, Your Honor." The district court also asked Lee whether he understood the meaning of the words "freely" and "voluntarily" and whether he was pleading guilty freely and voluntarily. Lee answered "Yes, Your Honor" to each of these questions. Lee's post-sentencing claim that his guilty pleas were coerced and not freely and voluntarily entered is contradicted by the record made at the time those pleas were entered. *See State v. Lavy*, 121 Idaho 842, 844-45, 828 P.2d 871, 873-74 (1992) (holding no abuse of discretion in denial of motion to withdraw a guilty plea where, in order to believe the defendant's assertions on appeal, the trial court would

6

have to ignore the record and the defendant's own statements regarding the plea agreement). Furthermore, the district court found that none of the evidence presented at the hearing on Lee's motion to withdraw his guilty pleas demonstrated otherwise. We therefore reject Lee's argument that the district court failed to exercise reason in denying his motion to withdraw his guilty pleas.

**B.      Sentence Reviews and Order Denying I.C.R. 35 Motion for Reduction of Sentences**

Lee also challenges his concurrent fixed life sentences,[4] claiming that the sentences are excessive and that the district court erred in denying his I.C.R. 35 motion. The State responds that, because Lee waived his right to appeal his sentences as part of his plea agreement (including the right to seek Rule 35 relief), Lee's appeal related to his sentences should be dismissed. Lee acknowledges his appellate waiver, but claims the waiver was involuntary for the same reasons he claims his guilty pleas were involuntary. We agree with the State.

A defendant may waive his right to appeal as part of a plea agreement. *State v. Murphy*, 125 Idaho 456, 457, 872 P.2d 710, 720 (1994). A waiver of a right to appeal contained in a plea agreement will be upheld if the record shows the waiver was made voluntarily, knowingly, and intelligently. *Id.* Lee's plea agreement included the provision that Lee "understands that he has a right to appeal the judgment and sentence of the Court herein, and the right to seek a modification or reduction of sentence under Idaho Criminal Rule 35, and hereby freely and voluntarily waives such appeal and I.C.R. 35 rights." Because Lee's challenge to the validity of his appellate waiver relies on the merits of his challenge to his guilty pleas, which we have rejected, his claim that his appeal waiver was invalid must also fail. Lee's appeal of his sentences is therefore dismissed.

**C.      Civil Judgments for Fines Imposed Pursuant to I.C. § 19-5307**

Lee contends that the district court abused its discretion in imposing a $5000 fine for two of the murder counts and the aggravated battery count to which Lee pled guilty. Specifically, Lee argues that: (1) the fine for the murder alleged in Count III was improper because "the mental/emotional damage to the victim representative was mitigated by other factors"; (2) the fine for the murder alleged in Count IV was improper because the victim's daughter had a "strained relationship" with the victim; and (3) the fine for the aggravated battery was improper

---

[4]      Lee does not challenge the concurrent fifteen-year sentence imposed upon his guilty plea to aggravated battery.

because the victim had insurance coverage and "will likely make a full recovery and be able to support himself." The State responds that Lee's challenges to the fines are encompassed within his appellate waiver and, as such, Lee's appeal from the civil judgments should be dismissed. We dismiss Lee's appeal from the civil judgments entered pursuant to I.C. § 19-5307.

As an initial matter, we note that, unlike with his sentencing claims, Lee does not acknowledge his appellate waiver in relation to his challenge to the civil judgments. Nor did Lee file a reply to address the State's argument that the fines reflected in the civil judgments were encompassed within his appellate waiver. Although it is not entirely clear whether the fines were contemplated as part of the appellate waiver, we need not resolve that question in this case because we dismiss the related appeal for different reasons.

The fines imposed by the district court are authorized by I.C. § 19-5307 and may be imposed at the district court's discretion. On appeal, Lee does not recite the abuse of discretion standard (or any standard of review) in relation to the district court's imposition of the challenged fines. Failure to address this multi-tiered inquiry renders Lee's challenge to those fines fatally deficient. *See State v. Kralovec*, 161 Idaho 569, 575 n.2, 388 P.3d 583, 589 n.2 (2017). Lee's challenge is also fatally deficient because he has failed to cite any authority to support his assertions that the fines were improper. *See Zichko*, 129 Idaho at 263, 923 P.2d at 970. Therefore, Lee's appeal from the civil judgments is dismissed.[5]

## IV.

## CONCLUSION

Lee has failed to show the district court abused its discretion by denying his motion to withdraw his guilty pleas. Therefore, the district court's order denying Lee's motion to withdraw his guilty pleas is affirmed. Because Lee waived his right to appeal his sentences or request Rule 35 relief, his appeals challenging his sentences as excessive and challenging the denial of his Rule 35 motion are dismissed. Lee's challenge to the civil judgments entered for fines imposed pursuant to I.C. § 19-5307 is also dismissed because Lee has failed to identify how the district court abused its discretion in imposing the fines and has failed to cite any authority to

---

[5] Dismissal of the appeal in Docket No. 44496 includes the order imposing a $5000 fine for the murder charge alleged in Count I because Lee also failed to present any argument or authority challenging the fine ordered for Count I.

support his challenge to those fines.  Lee's appeal from the denial of his motion to release evidence is also dismissed as Lee failed to list this as an issue in his briefing and did not cite any argument or authority.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.