IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 49146/49147

| STATE OF IDAHO, | ) | |
| --- | --- | --- |
| | ) | Filed: February 28, 2023 |
| Plaintiff-Respondent, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| LAWRENCE EUGENE GOMEZ, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Order denying motions to withdraw guilty pleas, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

In these consolidated appeals, Lawrence Eugene Gomez challenges the district court's orders denying his motions to withdraw his guilty pleas. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises from two separate criminal cases consolidated for purposes of appeal. In Docket No. 49146, the State charged Gomez in June 2019 with two counts of felony eluding for fleeing from officers and alleged a persistent violator enhancement. In Docket No. 49147, the State charged Gomez in November 2019 with felony eluding, trafficking in methamphetamine, and possession of a destructive device and alleged a persistent violator enhancement.

Gomez and the State entered into a global plea agreement addressing both cases. In Docket No. 49146, Gomez agreed to plead guilty to felony eluding, and the State agreed to dismiss the second count and the sentencing enhancement. In Docket No. 49147, Gomez agreed to plead

guilty to felony eluding, two amended counts of possession with intent to deliver a controlled substance, and possession of a destructive device, and the State agreed to dismiss the sentencing enhancement.

At a consolidated plea hearing, the district court accepted Gomez's guilty plea for felony eluding in Docket No. 49146 and his *Alford*[1] pleas for felony eluding, two counts of possession with intent to deliver, and possession of a destructive device in Docket No. 49147. At sentencing, the State recommended an aggregate sentence for both cases of twenty-five years with ten years determinate. Gomez requested a sentence of twelve years with two years determinate and that the district court retain jurisdiction.

In Docket No. 49146, the district court imposed a sentence of five years indeterminate for felony eluding. In Docket No. 49147, the court sentenced Gomez to five years indeterminate for felony eluding, eighteen years with six years determinate for each count of possession with intent to deliver, and five years indeterminate for possession of a destructive device. The court ordered the sentences be served concurrently, resulting in an aggregate sentence of eighteen years with six years determinate.

Approximately two weeks after sentencing, Gomez filed a pro se motion in each case to withdraw his guilty pleas. In both cases, Gomez argued withdrawing his pleas was necessary to correct manifest injustice because the pleas were "involuntary and unintelligently made." In support, Gomez asserted that he suffered from "mental health disorders" and that his counsel failed to obtain necessary evaluations to ensure any plea was "intelligent and knowingly made."

The district court held three hearings on Gomez's motions to withdraw his guilty pleas. At the first hearing, the court allowed Gomez's private counsel to withdraw and appointed a public defender to represent Gomez. At the second hearing, the court granted a continuance to permit Gomez's appointed counsel to obtain a psychological evaluation of Gomez. At the third hearing, the court took evidence and addressed the merits of Gomez's motions to withdraw his guilty pleas.

During this third hearing, the district court heard the testimony of Gomez and of a clinical psychologist. Additionally, Gomez's medical records from jail were admitted into evidence. During Gomez's testimony, he testified that, around the time he pled guilty, he had not been sleeping and was suffering from anxiety and that, the month before entering his pleas, he was

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

experiencing chronic knee and foot pain and had COVID-19 symptoms. The clinical psychologist, who had performed a psychological evaluation of Gomez, testified Gomez "understood the circumstances" when he pled guilty. Specifically, the psychologist testified that Gomez's mental state at the time of the pleas "likely involved significant anxiety" but that such anxiety "would not have prevented him from knowingly and intelligently entering into a plea negotiation." After considering the testimony and reviewing Gomez's medical records, the court denied his motions to withdraw his guilty pleas.

Gomez timely appeals.

## II.

## STANDARD OF REVIEW

Whether to grant a motion to withdraw a guilty plea is within the district court's discretion. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Gomez argues the district court abused its discretion by failing to exercise reason when denying his motions to withdraw his guilty pleas. Idaho Criminal Rule 33 governs consideration of a motion to withdraw. Under Rule 33(c), the motion's timing dictates the applicable legal standard. A defendant need only show a "just reason" for withdrawing a plea before sentencing. *State v. Hanslovan*, 147 Idaho 530, 536, 211 P.3d 775, 781 (Ct. App. 2008). After sentencing, however, a defendant must show "manifest injustice" to withdraw a guilty plea. I.C.R. 33(c); *State v. Lee*, 165 Idaho 254, 257, 443 P.3d 268, 271 (Ct. App. 2019). In this case, Gomez must show manifest injustice because he moved to withdraw his pleas after sentencing.

Manifest injustice is established if a defendant shows the trial court did not take a guilty plea in compliance with the constitutional due process standards requiring the plea to be voluntary, knowing, and intelligent. *Lee*, 165 Idaho at 257, 443 P.3d at 271. Whether a plea is voluntary and understood entails inquiry into three areas: (1) whether the plea was voluntary in the sense that

3

the defendant understood the nature of the charges and was not coerced; (2) whether the defendant knowingly and intelligently waived the right to a jury trial, to confront accusers, and to refrain from self-incrimination; and (3) whether the defendant understood the consequences of pleading guilty. *Id.*

On appeal, Gomez asserts "the first two factors of voluntariness and a knowing and intelligent waiver are at issue." Specifically, he asserts that, when he pled guilty, "he was sleep deprived, suffering from anxiety, in chronic pain," "recovering from" COVID-19, "hallucinating and not thinking rationally," "felt pressured by his counsel," and felt his counsel was not "listening to him." He contends "these multiple health issues combined with his counsel's pressure and lack of communication rendered his guilty pleas involuntary and his waiver of his rights unknowing and unintelligent."

We disagree with Gomez's assertion that the district court failed to exercise reason in denying his motions to withdraw his guilty pleas. After hearing Gomez's and the clinical psychologist's testimony, the court gave a detailed oral ruling. In this ruling, the court considered the information in Gomez's medical records and in the psychologist's evaluation. The court noted the evaluation indicated that "Gomez was not significantly impaired at the time that he entered the pleas" and that there was "no real concern about the entry of those pleas." The court further considered what occurred at the change of plea hearing, including the plea colloquy during which Gomez acknowledged, among other things, that he was satisfied with the quality of his attorney's legal services and that he had no mental, physical, or emotional conditions impairing his judgment. The court noted that it reviewed the plea agreement in detail with Gomez during the plea hearing. The court also considered Gomez's "written guilty plea," which it described as "an incredibly detailed document" and in which he acknowledged, among other things, that he understood the plea agreement was nonbinding on the court; no one, including his attorney, had forced or coerced him to accept the plea agreement; he was satisfied with this attorney's representation; he was waiving his constitutional rights; and he was entering into the plea freely, voluntarily, and with an understanding of the consequences of entering into the plea.

After considering all this information, the district court specifically rejected as not credible Gomez's assertion that his counsel coerced Gomez to plead guilty, stating: "I don't find the allegations that [counsel] railroaded [Gomez] to be credible in the least." Further, the court rejected as not credible Gomez's assertions that his various ailments affected his pleas, stating: "I

4

don't believe that Gomez'[s] pain in his knees or in his feet or whatever COVID[-19] symptoms he may have had were affecting him." Finally, the court concluded "the law does not allow someone who simply regrets their plea to have it withdrawn."

Based on this record, Gomez has failed to show manifest injustice necessary to withdraw his guilty pleas. As the State notes, Gomez's arguments do not show an abuse of discretion but request this Court "to reweigh the evidence and second-guess the district court's credibility determinations." *State v. Flowers*, 131 Idaho 205, 207, 953 P.2d 645, 647 (Ct. App. 1998) (noting appellate court will not substitute its view as to credibility, weight of evidence, or reasonable inferences drawn therefrom). Rather, the record shows that, contrary to Gomez's arguments, when entering his pleas he understood the nature of the charges, was not coerced, and knowingly and intelligently waived the right to a jury trial, to confront accusers, and to refrain from self-incrimination. *See Lee*, 165 Idaho at 257, 443 P.3d at 271 (identifying factors to consider when determining manifest injustice). Accordingly, the district court did not abuse its discretion by denying Gomez's post-sentencing motions to withdraw his guilty pleas.

## IV.
## CONCLUSION

The district court did not abuse its discretion by denying Gomez's motions to withdraw his guilty pleas and we affirm.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.

5