# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50937

In the Matter of The Ron Brown Trust.

BARBARA FAULKNER and BRIAN FAULKNER,

  Petitioners-Appellants,

v.

CLAUDIA NELSON,

  Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: September 11, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, Senior District Judge. Hon. Christopher Beiter, Magistrate.

Decision of the district court on intermediate appeal from the magistrate court affirming the judgment denying petition for determination of validity of trust, <u>affirmed</u>.

Brian D. Faulkner, Colorado, pro se appellant.

Barbara R. Faulkner, Colorado, pro se appellant

Johnson May; J. Justin May, Boise, for respondent.

---

GRATTON, Chief Judge

  Barbara Faulkner and Brian Faulkner (the Faulkners) appeal from the district court's order affirming the magistrate court's judgment denying their petition for determination of validity of trust. We affirm.

## I.

## FACTUAL AND PROCEDURAL HISTORY

  This case involves the creation of a trust by decedent Ronald Brown (Brown) just prior to his death. In December 2020, three days before his death and while on his way to the hospital,

1

Brown went to a lawyer's office and executed documents creating a trust, transferring assets into the trust and naming Claudia Nelson (Nelson) as the beneficiary. Nelson and Brown met in 2019 and had a romantic relationship. Brian Faulkner (Brian) is a Brown's nephew, and Barbara Faulkner (Barbara) is Brown's sister. Prior to execution of the trust, Brian was the sole devisee of a will executed by Brown in 2017. In 2021, the Faulkners petitioned the magistrate court for a determination of the validity of the trust, avoidance of transfer of estate property, and for preliminary injunction or restraining order, claiming Brown was unduly influenced by Nelson in executing a change to his estate plan.

After a two-day court trial, at which the Faulkners were represented by counsel, the magistrate court found none of the factors necessary to show undue influence had been proven. The magistrate court entered judgment dismissing the Faulkners' claims with prejudice. The Faulkners appealed pro se to the district court which affirmed the magistrate court and found there was substantial and competent evidence supporting the determination that Brown was not unduly influenced by Nelson to change his estate plan. The Faulkners appeal.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *Id*. Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefore, and either affirm or reverse the district court.

## III.

## ANALYSIS

The Faulkners are appearing pro se on appeal. Pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id*.

2

The Faulkners' appellate claims suffer from several deficiencies. First, the Faulkners fail to include a statement of issues in their brief as required by Idaho Appellate Rule 35(a)(4). The failure of an appellant to include an issue in the statement of issues as required by I.A.R. 35(a)(4) will eliminate consideration of the issue from appeal. *State v. Crowe*, 131 Idaho 109, 111, 952 P.2d 1245, 1247 (1998). This rule may be relaxed, however, where the issue is argued in the briefing and citation to authority is provided. *Id.* The Faulkners do not meet the exception to the rule, and as a result, have waived any claim of error on appeal.

Second, the Faulkners do not identify the appropriate standard of review. This also effectively precludes review. *See Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018); *State v. Kralovec*, 161 Idaho 569, 575 n.2, 388 P.3d 583, 589 n.2 (2017). In their opening brief, the Faulkners make no argument, consistent with the standard of review, that the district court erred in affirming the magistrate court's decision. While the Faulkners assert error on the part of the district court in their reply brief, this Court will not consider arguments made for the first time in a reply brief. *Cummings v. Stephens*, 160 Idaho 847, 853, 380 P.3d 168, 174 (2016).

Third, the Faulkners argue, for the first time on appeal, that there was fraud upon the court. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). In their reply brief, the Faulkners cite to Idaho Rule of Civil Procedure 60(d).[1] Even if we considered this authority despite the Faulkners' failure to cite it in their opening brief, the Faulkners did not file a motion under Rule 60(d) in the magistrate court. The Faulkners cite no authority for this Court, even if properly raised, to address a Rule 60(d) claim for the first time on appeal. A party waives an issue on appeal if either authority or argument is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

---

[1] Idaho Rule of Civil Procedure 60(d)(3) recognizes that courts have the inherent power "to set aside a judgment for fraud upon the court." The term "fraud upon the court" contemplates more than inter-party misconduct and, in Idaho, has been held to require more than perjury or misrepresentation by a party or witness. It will be found only in the presence of such "tampering with the administration of justice" as to suggest "a wrong against the institutions set up to protect and safeguard the public." *Compton v. Compton*, 101 Idaho 328, 334, 612 P.2d 1175, 1181 (1980). (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944)). "The party asserting a claim of fraud on the court must establish that an unconscionable plan or scheme was used to improperly influence the court's decision and that such acts prevented the losing party from fully and fairly presenting its case or defense." *Rae v. Bunce*, 145 Idaho 798, 801, 186 P.3d 654, 657 (2008).

Moreover, no issue or argument relative to alleged fraud on the court was raised in the district court on intermediate appeal. Where a party appeals the decision of an intermediate appellate court, the appellant may not raise issues that are different from those presented to the intermediate court. *State v. Sheahan*, 139 Idaho 267, 275, 77 P.3d 956, 964 (2003).

At best, the Faulkners attempt to challenge whether the magistrate court's conclusion that none of the elements of undue influence had been met is supported by substantial and competent evidence in the record. Findings of fact that are based on substantial evidence, even if the evidence is conflicting, will not be overturned on appeal unless clearly erroneous. *Porcello v. Estate of Porcello*, 167 Idaho 412, 421, 470 P.3d 1221, 1230 (2020). Evidence is substantial if a reasonable trier of fact would accept it in determining whether a disputed point of fact has been proven. *Danti v. Danti*, 146 Idaho 929, 934, 204 P. 3d 1140, 1145, (2009). When there is conflicting evidence, the trial court will evaluate the credibility of the witnesses and the weight of the evidence. *County of Twin Falls v. Hettinga*, 151 Idaho 209, 211-12, 254 P. 2d 510, 512-13 (2011). The district court determined that "[t]here is substantial competent evidence to find that Mr. Brown was not unduly influenced by Respondent to change his estate plan." Because the Faulkners' brief is an attempt to show fraud on the court and they provide no cogent argument or legal authority consistent with the standard of review, their claim is waived. *Powell*, 130 Idaho at 128, 937 P.2d at 440. Moreover, the Faulkners ask this Court to reweigh the evidence, which we will not do. *See Neustadt v. Colafranceschi*, 167 Idaho 214, 227, 469 P.3d 1, 14 (2020) (stating appellate courts in Idaho do not reweigh evidence). Accordingly, we affirm the district court's affirmation of the magistrate court's decision.

Nelson requests an award of attorney fees and costs on appeal under Idaho Code § 12-121 on the basis that the Faulkners' appeal was brought frivolously, unreasonably, and without foundation. Under I.C. § 12-121, a party is entitled to attorney's fees if the appeal merely invites the appellate court to second guess the trial court on the weight of evidence. *Crowley v. Critchfield*, 145 Idaho 509, 514, 181 P.3d 435, 440 (2007). An appeal is frivolous if it advances "a number of redundant, conclusory allegations on appeal that are not supported by sufficient argument or authority." *Owen v. Smith*, 168 Idaho 633, 647-48, 485 P.3d 129, 143-44 (2021).

On appeal, the Faulkners failed to comply with the appellate rules. The Faulkners also failed to advance arguments supported by authority that would support reversal or a finding of a valid factual or legal basis for appeal. There are no fairly debatable issues nor genuine issues of

4

law or fact as this was raised on appeal.  As a result, we award Nelson costs and attorney fees under I.C. § 12-121.

## IV.
## CONCLUSION

The Faulkners have failed to adequately support their claims and have failed to show error. Accordingly, the decision of the district court, on intermediate appeal from the magistrate court, affirming the judgment denying petition for determination of the validity of the trust is affirmed. Nelson is awarded costs and attorney fees.

Judge HUSKEY and Judge LORELLO **CONCUR**.