IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 51777

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: December 10, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| ISAAC ANTHONY YBARRA, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Dane H. Watkins, Jr., District Judge.

Judgment of conviction for rape, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Isaac Anthony Ybarra appeals from his judgment of conviction for rape. Ybarra argues the district court abused its discretion by denying his motion to withdraw his guilty plea. We hold the district court did not abuse its discretion when it denied Ybarra's motion to withdraw his guilty plea because the reasons Ybarra asserted for withdrawing his plea were contradicted by the record and, even if considered, Ybarra failed to establish a just reason to withdraw his guilty plea. Ybarra's judgment of conviction is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Ybarra was charged with rape, Idaho Code § 18-6101(5). In exchange for Ybarra's guilty plea, the State agreed to dismiss three pending cases in Bonneville County; not file any charges arising out of a Bonneville County Sheriff's Office report evidencing malicious injury to property; and recommend a sentence of no more than twenty years. The plea agreement further stated, "no

1

other agreements or conditions have been made or represented . . . except those terms of the plea agreement which are set forth within this written agreement." Ybarra signed the plea agreement acknowledging he read and understood its terms and the consequences of pleading guilty, had sufficient time to discuss the agreement with his attorney, and agreed to be bound by the terms of the agreement. At the change of plea hearing, Ybarra confirmed he signed the plea agreement and stated that he read and understood the terms of the agreement. Ybarra's counsel also confirmed he reviewed the plea agreement twice with Ybarra prior to the hearing. After an extensive colloquy with Ybarra, the district court found Ybarra's guilty plea was made knowingly, freely, and voluntarily.

Approximately six months later, before the presentence investigation report (PSI) was prepared, Ybarra moved to withdraw his guilty plea, asserting he believed a pending Fremont County case would also be dismissed pursuant to the plea agreement. To support his motion, Ybarra filed an affidavit asserting he: (1) "did not fully read the Plea Agreement he signed"; (2) "was just doing what his attorney told him to do"; and (3) believed a Fremont County case would also be dismissed. Following a hearing, the district court found Ybarra did not establish a just reason for withdrawing his guilty plea and denied the motion. Ybarra appeals.

## II.

## STANDARD OF REVIEW

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Lee*, 165 Idaho 254, 259, 443 P.3d 268, 273 (Ct. App. 2019). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.*

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

2

# III.

## ANALYSIS

Ybarra argues the district court abused its discretion by denying his motion to withdraw his guilty plea because he asserted a just reason to withdraw his guilty plea. In response, the State argues the district court did not abuse its discretion in denying Ybarra's motion because Ybarra's asserted reasons for withdrawing his plea are contradicted by the record. Additionally, the State argues all the factors set forth in *State v. Sunseri*, 165 Idaho 9, 437 P.3d 9 (2018) weighed against allowing withdrawal.

Idaho Criminal Rule 33(c) provides that a defendant may move to withdraw a guilty plea prior to sentencing. "The timing of a motion to withdraw a guilty plea is critical to identifying the governing legal standard." *Sunseri*, 165 Idaho at 13, 437 P.3d at 13. If a defendant files a motion to withdraw a guilty plea before sentencing, the motion is subject to the just reason standard, which the district court is encouraged to apply liberally. *Id.* at 13-14, 437 P.3d at 13-14. Although the just reason standard is not particularly onerous, there is no automatic right to withdrawal of a guilty plea before a sentence is imposed. *Id.* at 14, 437 P.3d at 14.

The first step in analyzing a motion to withdraw a guilty plea prior to sentencing is to determine whether the plea was constitutionally valid. *Id.* A constitutionally valid plea requires the defendant to enter the plea knowingly, intelligently, and voluntarily. *Id.* If the plea is constitutionally valid, the trial court must then determine whether there are any other just reasons for the plea withdrawal. *Id.* This is a factual determination committed to the trial court's discretion but, among other factors, the trial court should consider:

> (1) whether the defendant has credibly asserted his legal innocence; (2) the length of delay between the entry of the guilty plea and the filing of the motion; (3) whether the defendant had the assistance of competent counsel at the time of the guilty plea; and (4) whether withdrawal of the plea will inconvenience the court and waste judicial resources.

*Id.* The defendant's failure to present and support a plausible reason will dictate against granting withdrawal, even absent prejudice to the prosecution. *State v. Hartsock*, 160 Idaho 639, 641, 377 P.3d 1102, 1104 (Ct. App. 2016). Ultimately, "the good faith, credibility, and weight of the defendant's assertions in support of his motion to withdraw his plea are matters for the trial court to decide." *State v. Hanslovan*, 147 Idaho 530, 537, 211 P.3d 775, 782 (Ct. App. 2008). If the trial court determines the defendant provided a just reason for withdrawal, the burden shifts to the

State to show that prejudice would result if the trial court were to grant the defendant's motion. *Hartsock*, 160 Idaho at 641, 377 P.3d at 1104.

The district court determined Ybarra's plea was made knowingly, freely, and voluntarily. Ybarra does not challenge this factual finding on appeal. Rather, Ybarra contends he otherwise established a just reason to withdraw his plea.

Although the district court did not explicitly find Ybarra's proffered reasons for withdrawing his plea were contradicted by the record, Ybarra's reasons are in fact contradicted by the record in this case. Where the claimed reasons for pleading guilty are contradicted by the record, it is unnecessary to decide whether the reasons are just. *State v. Randall*, 175 Idaho 103, 111, 562 P.3d 459, 467 (Ct. App. 2024).

First, Ybarra claimed he did not fully read the plea agreement. However, Ybarra signed the agreement acknowledging he read the written plea agreement and understood its terms and the consequences of entering into the agreement. During the change of plea hearing, the district court engaged in an extensive colloquy to ensure that Ybarra's plea was constitutionally valid. Ybarra completed and signed the plea agreement with the assistance of counsel and informed the district court he had enough time to talk with his attorney, had shared with his attorney everything his attorney would need to assist him, and his attorney had done everything Ybarra asked him to do.

As to the second reason for withdrawing his guilty plea, Ybarra claimed he was "just doing what his attorney told him to do." At the change of plea hearing, the district court confirmed with Ybarra's counsel that Ybarra was able to make decisions when counsel reviewed the plea agreement with him the night before and the morning of the hearing. Ybarra then confirmed with the district court that no one had pressured or coerced him, intimidated or threatened him, nor offered him a reward to plead guilty. Ybarra stated he was not under the influence of alcohol, drugs, or controlled substances. Ybarra confirmed he understood the consequences of pleading guilty, such as waiving the right to have a jury trial, the right to confront witnesses called by the State, and the right to present a defense. Ybarra confirmed he understood what a PSI was and would cooperate with completing the presentence investigation. Ybarra acknowledged the State was recommending a combined unified sentence of twenty years, but each party was free to argue the determinate portion of that sentence and the district court was not bound by the plea agreement. Lastly, Ybarra stated he understood he was waiving his right to be free from incriminating himself for the purpose of explaining to the district court how he was guilty of the charged crime.

4

Finally, as his third reason for withdrawing his guilty plea, Ybarra claimed he mistakenly believed a Fremont County case would also be dismissed. The plea agreement explicitly states that "the State will dismiss the balance of the Defendant's charges in Bonneville County," and then lists the three case numbers that would be dismissed in exchange for Ybarra's guilty plea in this case. The State further agreed to "not file any charges arising out of Bonneville County Sheriff's Office Report No. [], evidencing malicious injury to property." Nowhere does the plea agreement indicate charges arising out of Fremont County, or any other county, would be dismissed. Rather, the agreement only references cases arising out of Bonneville County that would either be dismissed or not pursued by the State. Furthermore, the plea agreement specifically states no other agreements or conditions, aside from the terms set forth in the written plea agreement, were made or represented to Ybarra.

Thus, because Ybarra's reasons are contradicted by the record, it is unnecessary to decide whether his reasons are just. Even assuming a just reason analysis is required, Ybarra has failed to show any error in the district court's analysis of the just reason factors articulated by the Idaho Supreme Court in *Sunseri*.

At the hearing on Ybarra's motion to withdraw his guilty plea, the district court addressed each of the *Sunseri* factors. The district court first found Ybarra's affidavit in support of his motion did not assert his innocence. Next, the district court found the length of delay cut against Ybarra because there were six months between the entry of Ybarra's guilty plea and the filing of his motion to withdraw his guilty plea. The district court then found Ybarra had the assistance of competent counsel with more than twenty years of legal experience. Finally, the district court found that granting Ybarra's motion to withdraw would inconvenience the courts and waste judicial resources during a time of higher demand upon trial courts.

On appeal, Ybarra takes issue only with the district court's analysis of the fourth *Sunseri* factor and argues his "right to a jury trial should not be denied where his trial would be no more burdensome than a typical criminal jury trial." Ybarra asserts "every criminal proceeding will use some judicial resources and cause some inconvenience to the court" and "[t]he court identified nothing about [his] case that would go beyond the typically anticipated use of resources and time." Ybarra further contends he "cannot be held responsible for the Covid-19 pandemic and the courts' schedule due to the staying of jury trials." However, nothing in the record indicates the district court held Ybarra responsible for the Covid-19 pandemic or the courts' schedule. Consequently,

5

we agree with the district court that Ybarra has failed to demonstrate a just reason to withdraw his guilty plea. Therefore, the district court did not abuse its discretion by denying Ybarra's motion to withdraw his guilty plea.

## IV.
## CONCLUSION

The district court did not abuse its discretion when it denied Ybarra's motion to withdraw his guilty plea. Accordingly, Ybarra's judgment of conviction is affirmed.

Judge LORELLO and Judge TRIBE, **CONCUR**.