**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43342**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Opinion No. 38** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: June 16, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **NANCY M. HARTSOCK,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

Judgment of conviction for drawing checks without funds, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Nancy M. Hartsock appeals from her judgment of conviction following her plea of guilty to drawing checks without funds. Specifically, Hartsock argues that the district court abused its discretion when it denied Hartsock's motion to withdraw her guilty plea. For the reasons set forth below, we affirm.

Pursuant to a plea agreement, Hartsock entered an *Alford*[1] plea to drawing checks without funds. I.C. § 19-2601. In exchange for Hartsock's plea, the state agreed to dismiss additional charges. The state agreed to recommend a unified sentence of three years, with a minimum term of confinement of one year, and that the sentence be suspended with no more than ninety days in

---

[1]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

a local jail. Hartsock was free to argue for a different sentence. Hartsock signed an acknowledgment of her plea and a guilty plea advisory form. A presentence investigation report (PSI) was completed, which recommended that the district court retain jurisdiction. Prior to sentencing, Hartsock filed a motion to withdraw her guilty plea. At sentencing, Hartsock argued that the basis for her motion to withdraw her plea was that she was not guilty and regretted entering her plea. The district court denied Hartsock's motion, reasoning that she had failed to provide a sufficient basis to justify the withdrawal of the plea, especially after she had learned of the PSI sentence recommendation. Additionally, the district court found that withdrawal would prejudice the state. The district court imposed a unified sentence of three years, with a minimum term of confinement of one year, and retained jurisdiction. Hartsock filed a motion for reduction of her sentence pursuant to I.C.R. 35, which the district denied. Hartsock appeals, challenging the district court's denial of her motion to withdraw her guilty plea.

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Idaho Criminal Rule 33(c) provides that a "motion to withdraw a plea of guilty may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw defendant's plea." The exercise of the trial court's discretion is affected by the timing of the motion to withdraw the plea. *State v. Ballard*, 114 Idaho 799, 801, 761 P.2d 1151, 1153 (1988); *State v. Ward*, 135 Idaho 68, 72, 14 P.3d 388, 392 (Ct. App. 2000). As indicated by Rule 33(c), a motion to withdraw a plea made after sentencing may be granted only to correct a manifest injustice. *Ballard*, 114 Idaho at 801, 761 P.2d at 1153. This strict standard is justified to insure that an accused is not encouraged to plead guilty to test the weight

of potential punishment and withdraw the plea if the sentence were unexpectedly severe. *Ward*, 135 Idaho at 72, 14 P.3d at 392; *Freeman*, 110 Idaho at 121, 714 P.2d at 90.

However, a less rigorous standard applies to a motion made before sentencing. *Ballard*, 114 Idaho at 801, 761 P.2d at 1153; *Ward*, 135 Idaho at 72, 14 P.3d at 392. Nevertheless, withdrawal of a guilty plea before sentence is imposed is not an automatic right. *State v. Dopp*, 124 Idaho 481, 485, 861 P.2d 51, 55 (1993); *Ward*, 135 Idaho at 72, 14 P.3d at 392. A defendant seeking to withdraw a guilty plea before sentencing must show a just reason for withdrawing the plea. *Dopp*, 124 Idaho at 485, 861 P.2d at 55; *Ward*, 135 Idaho at 72, 14 P.3d at 392. The just reason standard does not require that the defendant establish a constitutional defect in his or her guilty plea. *State v. Henderson*, 113 Idaho 411, 413, 744 P.2d 795, 797 (Ct. App. 1987). Once the defendant has met this burden, the state may avoid a withdrawal of the plea by demonstrating the existence of prejudice to the state. *Dopp*, 124 Idaho at 485, 861 P.2d at 55; *Ward*, 135 Idaho at 72, 14 P.3d at 392. The defendant's failure to present and support a plausible reason will dictate against granting withdrawal, even absent prejudice to the prosecution. *Dopp*, 124 Idaho at 485, 861 P.2d at 55; *Ward*, 135 Idaho at 72, 14 P.3d at 392. This Court has noted that "the good faith, credibility, and weight of the defendant's assertions in support of his motion to withdraw his plea are matters for the trial court to decide." *State v. Hanslovan*, 147 Idaho 530, 537, 211 P.3d 775, 782 (Ct. App. 2008); *see also State v. Acevedo*, 131 Idaho 513, 516, 960 P.2d 196, 199 (Ct. App. 1998). This Court has noted that the district court is encouraged to liberally exercise its discretion in granting a motion to withdraw a guilty plea. *State v. Wyatt*, 131 Idaho 95, 97, 952 P.2d 910, 912 (Ct. App. 1998); *Henderson*, 113 Idaho at 414, 744 P.2d at 798. However, even when the motion is presented before sentencing, if it occurs after the defendant has learned of the content of the PSI or has received other information about the probable sentence, the district court may temper its liberality by weighing the defendant's apparent motive. *State v. Arthur*, 145 Idaho 219, 222, 177 P.3d 966, 969 (2008); *State v. Mayer*, 139 Idaho 643, 647, 84 P.3d 579, 583 (Ct. App. 2004).

In this case, the district court considered Hartsock's motion to withdraw her guilty plea prior to imposing Hartsock's sentence. Hartsock asserted that she was not guilty and regretted entering her plea. The district court denied Hartsock's motion, finding:

Okay. Well, that's not a basis to withdraw the plea. [Hartsock] entered an *Alford* plea. What you agreed was that there was enough evidence that you could be convicted. I'm not seeing any basis to withdraw this plea. What I--I am just concerned that you received the Presentence Report and weren't very happy with the recommendation because the Presentence did recommend retain[ed] jurisdiction.

. . . .

. . . But the not liking the recommendation of the presentence investigator . . . is not a valid reason to withdraw your plea. As I note, it was an *Alford* plea, we went over that extensively. I'm not finding any basis so the request to withdraw your plea is denied.

This Court addressed a similar issue in *State v. Akin*, 139 Idaho 160, 75 P.3d 214 (Ct. App. 2003). There we held:

A declaration of innocence alone does not entitle a defendant to withdraw a guilty plea. The Idaho Supreme Court has held that "a denial of factual guilt is not a just reason for the later withdrawal of the plea, in cases where there is some basis in the record of factual guilt . . . ." If mere assertion of legal innocence were always a sufficient condition for withdrawal, withdrawal would effectively be an automatic right. In determining whether to grant or deny a defendant's withdrawal motion, a court must not only consider his [or her] assertion of innocence, but also the reasons why the claim of innocence was not maintained earlier.

*Id.* at 162-63, 75 P.3d at 216-17 (citations omitted).

On appeal, Hartsock does not challenge her initial entry of plea but argues that she established a just reason to withdraw her guilty plea at sentencing. Hartsock's motion to withdraw her guilty plea was made after the preparation of her PSI, which recommended retained jurisdiction. Consequently, the district court was entitled to take Hartsock's awareness of the PSI and sentence recommendation into account when ascertaining her motive for withdrawing her plea. In arguing for withdrawal, Hartsock offered no reason why her pronouncement of innocence was not previously maintained and did not provide sufficient basis for her requested withdrawal of her plea beyond a profession of innocence and regret. On appeal, Hartsock has failed to cite contrary authority showing that assertions of innocence or regret are just reasons for the withdrawal of a guilty plea, especially after learning of the PSI's content and sentence recommendation. Moreover, the record indicates that, prior to denying Hartsock's motion, the district court examined the record, noted the extensive colloquy and documentation concerning Hartsock's entry of her plea, and considered Hartsock's argument.

4

Therefore, we hold that the district court properly acted within its discretion in determining that Hartsock had not shown a just reason for allowing withdrawal of her plea.[2]

Hartsock has failed to show that the district court erred in denying Hartsock motion to withdraw her guilty plea. Accordingly, Hartsock's judgment of conviction for drawing checks without funds is affirmed.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.

---

[2]     Hartsock also argues that the state failed to show prejudice because there is no reason to believe the state would be unable to refile the previously dismissed charges. We need not address this argument because Hartsock has failed to provide just reason to withdraw her plea. *See State v. Mayer*, 139 Idaho 643, 647, 84 P.3d 579, 583 (Ct. App. 2004) ("defendant's failure to present and support a plausible reason will dictate against granting withdrawal, even absent prejudice to the prosecution").