**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49333**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 14, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| BRADLEY JAMES O'BRIEN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Rick Carnaroli, District Judge.

Judgment of conviction for two counts of possession of a controlled substance with the intent to deliver, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Emily M. Joyce, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Bradley James O'Brien appeals from his judgment of conviction for two counts of possession of a controlled substance with the intent to deliver in violation of Idaho Code § 37-2732(a)(1)(A). O'Brien argues that the district court abused its discretion in denying his motion to withdraw his guilty plea or, alternatively, that his sentences are excessive. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged O'Brien with two counts of possession of a controlled substance with the intent to deliver, I.C. § 37-2732(a)(1)(A), and a persistent violator enhancement, I.C. § 19-2514. The parties entered into mediation to resolve this case and four other criminal cases pending against O'Brien. The parties entered into a global agreement in which O'Brien agreed to plead

1

guilty to two amended counts of possession with the intent to deliver in this case, and the State agreed to withdraw the persistent violator allegation and to dismiss the other four pending cases. The State also agreed to recommend probation if O'Brien were accepted into treatment court, but if not, then the State would recommend an imposed sentence and O'Brien could argue for not less than retained jurisdiction.

During the sentencing hearing, the district court took a brief recess to allow O'Brien to review the presentence investigation report (PSI) with his counsel. After this recess, O'Brien's counsel noted some inaccuracies in the PSI, including a statement that O'Brien's application for treatment court was never received. Regarding that statement O'Brien's counsel stated, "we know that there was one turned in because [O'Brien] was denied."

After identifying other inaccuracies, O'Brien's counsel conferred with O'Brien briefly and then stated:

> [A]t this time Mr. O'Brien has expressed to me a feeling of manipulation and feels that he was duped by myself as well as the State into pleading guilty, and he would like to withdraw his guilty plea based upon his feelings of being misled. . . . [H]is feeling of being misled or being manipulated would be just cause to withdraw his guilty plea.

O'Brien also addressed the district court, stating:

> I feel like everybody knew what the requirements were for drug court, [my counsel] knows my history and my record, and they just let me believe that I was going to get it no matter what so that I would not go to trial on all these cases. But I still did it because I want help. More than anything I want help.

The State objected to O'Brien's motion to withdraw his plea, stating he understood the terms of the plea agreement and was being "disingenuous" about counsel misleading O'Brien. Thereafter, the district court denied O'Brien's motion to withdraw his plea and imposed concurrent sentences of ten years with five years determinate for each count of possession of a controlled substance with the intent to deliver.

O'Brien timely appeals.

## II.

## STANDARD OF REIVEW

Whether to grant a motion to withdraw a guilty plea is within the district court's discretion. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted

within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

### A.    Motion to Withdraw Guilty Plea

O'Brien challenges the district court's denial of his motion to withdraw his plea, arguing that he "met his burden of showing a just cause to withdraw his guilty plea" and that "the State did not make any showing of prejudice." Under Idaho Criminal Rule 33(c), the timing of a motion to withdraw a plea dictates the legal standard to be applied. After sentencing, a defendant must show "manifest injustice" to withdraw a guilty plea. I.C.R. 33(c). Before sentencing, however, a defendant need only show a "just reason" for withdrawing a plea. *State v. Hanslovan*, 147 Idaho 530, 536, 211 P.3d 775, 781 (Ct. App. 2008). This case addresses a motion to withdraw a plea before sentencing, and thus the "just reason" standard applies.

"The threshold 'just reason' requirement is 'not an onerous burden.'" *State v. Baxter*, 163 Idaho 231, 234, 409 P.3d 811, 814 (2018). Rather, "[i]t is a reasonable requirement, to be administered liberally and with due recognition of the serious consequences attending a guilty plea." *Id.* Whether a defendant has shown a just reason for withdrawing his guilty plea is a factual decision within the district court's discretion. *State v. Sunseri*, 165 Idaho 9, 14, 437 P.3d 9, 14 (2018). "The trial court is encouraged to liberally exercise its discretion in granting a motion to withdraw a guilty plea." *Id.* The district court may temper its liberal discretion, however, if the defendant has learned about a probable sentence recommendation before moving to withdraw his plea. *State v. Hartsock*, 160 Idaho 639, 641, 377 P.3d 1102, 1104 (Ct. App. 2016). For example, if a defendant reviews his PSI or other information and learns of an increased sentence recommendation, the court may temper its liberal discretion to allow a defendant to withdraw his plea. *Id.* The court may also temper its liberal discretion if the defendant has breached his plea agreement before seeking to withdraw his guilty plea. *Baxter*, 163 Idaho at 235-36, 409 P.3d at 815-16. In other words, "the court has broad discretion to take into account the defendant's apparent motive" in seeking to withdraw his plea. *State v. Akin*, 139 Idaho 160, 162, 75 P.3d 214, 216 (Ct. App. 2003).

The first step in analyzing whether a guilty plea may be withdrawn is to determine whether the plea was knowing, intelligent, and voluntary. *Sunseri*, 165 Idaho at 14, 437 P.3d at 14. If the district court concludes it was, then the defendant has the burden of showing a just reason exists to withdraw his plea. *Hanslovan*, 147 Idaho at 535-36, 211 P.3d at 780-81. Although a defendant does not need to show a constitutional defect in his plea to establish a just reason, the withdrawal of a plea before sentencing is not an automatic right. *Id.*

In determining what constitutes a just reason, the Idaho Supreme Court in *Sunseri* has identified certain, nonexclusive factors the district court should consider:

> Among other factors, the trial court should consider: (1) whether the defendant has credibly asserted his legal innocence; (2) the length of delay between the entry of the guilty plea and the filing of the motion; (3) whether the defendant had the assistance of competent counsel at the time of the guilty plea; and (4) whether withdrawal of the plea will inconvenience the court and waste judicial resources.

*Sunseri*, 165 Idaho at 14, 437 P.3d at 14. Additionally, the defendant's good faith, his credibility, and the weight of his assertions in support of his motion bear on whether a defendant has a just reason to withdraw his plea and are matters for the district court to decide. *Id.*

If the defendant meets his burden of showing a just reason to withdraw his guilty plea, then the State may avoid the withdrawal of a plea by showing substantial prejudice. *Id.* at 14-15, 437 P.3d at 14-15. Substantial prejudice requires more than mere inconvenience and may include, for example, the death of a principal witness; the unavailability of evidence; or the passage of time affecting witnesses' memories, especially witnesses with limited mental abilities. *Id.* at 15, 437 P.3d at 15. Even absent substantial prejudice, however, the defendant's failure to present and support a just reason for withdrawal dictates against granting a withdrawal. *Harstock*, 160 Idaho at 641, 377 P.3d at 1104.

On appeal, O'Brien argues he met his burden of showing "just cause" because "he believed he could 'beat all five charges'"; he only pled guilty "because he genuinely believed he would be accepted into drug court"; and "his expectation was unfulfilled." At the sentencing hearing, however, O'Brien's explanation for moving to withdraw his plea was that he had been "duped" and "trick[ed]" into believing treatment court would accept him if he pled guilty.

The district court addressed these facts when denying O'Brien's motion. For example, regarding O'Brien's assertion that he was tricked into pleading guilty, the court stated, "I have

nothing before me to indicate [your counsel] duped you or had any intention to dupe you." Further, the court found O'Brien's belief he could "beat all five charges" unrealistic, stating:

> I don't know where you get the idea that the charge is beatable when you had--you agreed here and pled guilty to a possession of methamphetamine, and the quantity they were going to lay in front of the jury was going to be 51 grams.

The court also noted, at the change of plea hearing, O'Brien understood the crime to which he was pleading guilty, admitted to committing the crime, accepted responsibility for it, entered a guilty plea, and understood the consequences of doing so. Indeed, on appeal, O'Brien acknowledges he "knew he was not guaranteed to be accepted into drug court."

Based on this record, we cannot conclude the district court abused its discretion by finding O'Brien failed to show just reason to withdraw his plea. Because O'Brien failed to meet his burden to show just reason, the State was not required to show prejudice. *See Sunseri*, 165 Idaho at 14-15, 437 P.3d at 14-15 (ruling State bears burden of showing substantial prejudice only if defendant shows just reason for withdrawing plea). Accordingly, the court did not abuse its discretion in denying O'Brien's motion to withdraw his plea.

**B.      Sentencing**

O'Brien argues the district court abused its discretion by imposing excessive sentences and by not retaining jurisdiction. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). That discretion includes the trial court's decision whether to retain jurisdiction. I.C. § 19-2601(4); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).

Where an appellant contends the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771,

772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

O'Brien acknowledges his sentences are not illegal, but he argues, "the combination of mitigating factors warranted more lenient sentences." As mitigating factors, O'Brien states he "wants to be a supportive father and contributing member to society" and "needs" substance abuse treatment, which he contends he will not receive in prison. In sentencing O'Brien, however, the district court considered the mitigating factors but concluded a sentence of confinement was necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, and retribution. Based on a review of the record, we cannot conclude the court abused its discretion in sentencing O'Brien.

## IV.
## CONCLUSION

The district court did not abuse its discretion in denying O'Brien's motion to withdraw his guilty plea or in sentencing him. Accordingly, we affirm the judgment of conviction and sentences.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.